**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
KERRY MASTERS,                                            :
                                                          :   Civil Case No.: 7:26-cv-01432
                    Plaintiff,               :
                                                          :
       v.                                                 :
                                                          :
PEPSICO, INC.,                                            :
                                                          :
                    Defendant.               :
                                                          :
                                                          :
                                                          :
------------------------------------------------------------ X

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

      Plaintiff Kerry Masters ("Masters"), by and through her undersigned counsel, alleges as follows:

## **NATURE OF THE ACTION**

      1.     To vindicate her right as a PepsiCo, Inc. ("PepsiCo") shareholder, Masters seeks declaratory and injunctive relief to enjoin PepsiCo from excluding her shareholder proposal from PepsiCo's 2026 proxy materials in violation of Section 14(a) of the Securities and Exchange Act (the "Exchange Act") and Rule 14a-8 promulgated thereunder, 17 C.F.R. § 240.14a-8 ("Rule 14a-8" or the "Rule").

      2.     Masters submitted her shareholder proposal to PepsiCo through her representative, People for the Ethical Treatment of Animals, Inc. ("PETA"). The proposal seeks to submit to a shareholder vote a request that PepsiCo investigate and issue a report evaluating whether its supply chain is complying with PepsiCo's Global Animal Welfare Policy, Supplier Code of Conduct, and applicable local animal welfare laws in connection with its treatment of animals.

3. PepsiCo has advised Masters that it will exclude her proposal from the 2026 proxy materials because it claims that she did not timely cure certain purported deficiencies under the timeline set forth by Rule 14a-8, which governs the submission of shareholder proposals. PepsiCo, however, may not invoke any grounds for exclusion of a shareholder proposal under Rule 14a-8 because PepsiCo failed to directly notify Masters of any deficiencies, as required by Rule 14a-8(f).

4. On information and belief, PepsiCo's proxy materials will be circulated to shareholders on or around March 26, 2026.

5. Masters seeks a declaratory judgment that PepsiCo's decision to exclude her proposal from its 2026 proxy materials violates Section 14(a) of the Exchange Act and Rule 14a-8. She also seeks injunctive relief enjoining PepsiCo from excluding her proposal from its 2026 proxy materials.

## JURISDICTION AND VENUE

6. Masters' claim arises under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n, and Rule 14a-8, 17 C.F.R. § 240.14a-8, promulgated thereunder.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

8. The Court has personal jurisdiction over PepsiCo because it maintains its principal place of business in New York and because PepsiCo conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, and supplies goods within the state of New York.

9. Venue is proper in this District under Section 27 of the Exchange Act because PepsiCo transacts business in the state. Venue is also proper in this District under 28 U.S.C.

§ 1391(b) because, on information and belief, PepsiCo maintains its corporate headquarters in this District.

10. In connection with the acts alleged in this Complaint, PepsiCo, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails and interstate telephone communications.

## PARTIES

11. Masters is a PepsiCo shareholder who currently holds 45 shares of PepsiCo, which have been continuously held by her for the past three years and have at least $2000 in market value.

12. Masters intends to continue to hold her PepsiCo shares through the date of the shareholders' meeting for which her proposal was submitted.

13. PepsiCo is a North Carolina corporation and maintains its corporate headquarters at 700 Anderson Hill Road, Purchase, New York 10577.

## BACKGROUND AND FACTUAL ALLEGATIONS

### A. The Regulatory Scheme

14. Rule 14a-8 provides a framework allowing a public company shareholder to request that a shareholder proposal be included in the company's proxy statement, to be voted upon at a company's shareholder meeting.

15. The SEC structured Rule 14a-8 "in a question-and-answer format so that it is easier to understand." 17 C.F.R. § 240.14a-8. The SEC emphasized that "you" means the "shareholder." *Id.* ("The references to 'you' are to a shareholder seeking to submit the proposal.").

16. A shareholder proposal is "*your* [the shareholder's] recommendation or requirement that the company and/or its board of directors take action, which *you* [the shareholder] intend to present at a meeting of the company's shareholders." *Id.* § 240.14a-8(a) (emphases added).

17. Rule 14a-8 addresses the procedures for submitting shareholder proposals, prescribes when a company must include a shareholder's proposal in the company's proxy statement, and lists the circumstances under which a shareholder proposal may be excluded by the company.

18. Rule 14a-8(b)(1) requires that "[t]o be eligible to submit a proposal . . . *[y]ou* [the shareholder] must have continuously held: (A) At least $2,000 in market value of the company's securities entitled to vote on the proposal for at least three years; or (B) At least $15,000 in market value of the company's securities entitled to vote on the proposal for at least two years; or (C) At least $25,000 in market value of the company's securities entitled to vote on the proposal for at least one year." *Id.* § 240.14a-8(b)(1)(i) (emphasis added).

19. "*You* [the shareholder] must provide the company with a written statement that *you* [the shareholder] intend to continue to hold the requisite amount of securities . . . through the date of the shareholders' meeting for which the proposal is submitted." *Id.* § 240.14a-8(b)(1)(ii) (emphases added).

20. Further, "*[y]ou* [the shareholder] must provide the company with a written statement that *you* are [the shareholder is] able to meet with the company in person or via teleconference no less than 10 calendar days, nor more than 30 calendar days, after submission of the shareholder proposal. *You* [the shareholder] must include *your* contact information as well as business days and specific times that *you* are available to discuss the proposal with the company." *Id.* § 240.14a-8(b)(1)(iii) (emphases added).

21. "If *you* [the shareholder] use a representative to submit a shareholder proposal on *your* [the shareholder's] behalf, *you* must provide the company with written documentation that: (A) Identifies the company to which the proposal is directed; (B) Identifies the annual or special

meeting for which the proposal is submitted; (C) Identifies *you* as the proponent and identifies the person acting on *your* behalf as *your* representative; (D) Includes *your* statement authorizing the designated representative to submit the proposal and otherwise act on *your* behalf; (E) Identifies the specific topic of the proposal to be submitted; (F) Includes *your* statement supporting the proposal; and (G) Is signed and dated by *you*." *Id.* § 240.14a-8(b)(1)(iv) (emphases added).

22. If a shareholder fails to follow one of the eligibility or procedural requirements set forth in Rule 14a-8, the company may exclude the shareholder's proposal, but *only after* it has notified the shareholder of the problem, and the shareholder has failed adequately to correct it:

> Question 6: What if I fail to follow one of the eligibility or procedural requirements explained in answers to Questions 1 through 4 of this section?
>
> (1) The company may exclude *your* proposal, *but only after* it has notified *you* of the problem, and *you* have failed adequately to correct it.
>
> *Id.* § 240.14a-8(f) (emphases added).

23. "Within 14 calendar days of receiving *your* [the shareholder's] proposal, the company must notify *you* [the shareholder] in writing of any procedural or eligibility deficiencies, as well as of the time frame for *your* [the shareholder's] response." *Id*. (emphases added). "*Your* [the shareholder's] response must be postmarked, or transmitted electronically, no later than 14 days from the date *you* [the shareholder] received the company's notification." *Id.* (emphases added).

24. The unambiguous and plain language of Rule 14a-8 distinguishes a shareholder from a shareholder's representative. In particular, the Rule repeatedly refers to "you" only to identify the shareholder in §§ 240.14-8(a)-(b), (f), (j) & (k). By contrast, § 240.14a-8(h), which concerns the presentation of the proposal at the shareholders' meeting, refers to both the

shareholder and the shareholder's representative, employing the phrase "*you*, or your representative. . . ." (emphasis added).

25. "If the company intends to exclude a proposal from its proxy materials, it must file its reasons with the [Securities and Exchange] Commission [(the "SEC")] no later than 80 calendar days before it files its definitive proxy statement and form of proxy with the [SEC]. The company must simultaneously provide *you* [the shareholder] with a copy of its submission." *Id.* § 240.14a-8(j) (emphasis added). Although "not required," a shareholder may submit their "own statement to the [SEC] responding to the company's arguments." *Id.* § 240.14a-8(k) ("Yes, *you* may submit a response . . . .") (emphasis added).

26. If a company seeks to exclude a proposal from its proxy materials, it may seek a "no action" letter from the SEC, in which the SEC staff informs the company whether the SEC believes the shareholder proposal may be omitted and opines on the SEC's enforcement position should the proposal be omitted.

27. On November 17, 2025, however, the SEC announced that it would "not respond to no-action requests for, and express no views on, companies' intended reliance on any basis for exclusion of shareholder proposals under Rule 14a-8, other than no-action requests to exclude a proposal under Rule 14a-8(i)(1) [(improper under state law)]." *See* Statement Regarding the Division of Corporation Finance's Role in the Exchange Act Rule 14a-8 Process for the Current Proxy Season (Nov. 17, 2025), https://www.sec.gov/newsroom/speeches-statements/statement-regarding-division-corporation-finances-role-exchange-act-rule-14a-8-process-current-proxy-season. "This announcement applies to the current proxy season (October 1, 2025 – September 30, 2026)." *Id.*

28. "[C]ompanies that intend to exclude shareholder proposals from their proxy materials must still notify the [SEC] and proponents no later than 80 calendar days before filing a definitive proxy statement . . . . [T]his requirement is informational only, there is no requirement that companies seek the staff's views regarding their intended exclusion of a proposal, and no response from the staff is required." *Id*.

29. The SEC does "recognize that a company may wish to receive some form of a response to its notification that it intends to exclude a proposal from its proxy materials." *Id.* If a company wishes to receive a response, the company must include, as part of its notification, "an unqualified representation that the company has a reasonable basis to exclude the proposal." *Id.*

30. In such cases, the SEC "will respond with a letter indicating that, based solely on the company's or counsel's representation, the [SEC] will not object if the company omits the proposal from its proxy materials. In providing its response, the [SEC] will not evaluate the adequacy of the representation or express a view on the basis or bases the company intends to rely on in excluding the proposal." *Id.*

### B. Masters' Shareholder Proposal Submission

31. On November 18, 2025, Masters submitted a proposal via email to PepsiCo through PETA, her authorized representative. PepsiCo received the submission the same day. A true and correct copy of Plaintiff's November 18, 2025 submission is attached hereto as **Exhibit 1** ("First Submission").

32. The First Submission included a letter from Masters supporting the proposal, a letter from Charles Schwab & Co., Inc., confirming her ownership of PepsiCo shares and her mailing address, and a proposed shareholder resolution. *Id.*

33. The third page of the First Submission included Masters' mailing address:

> Kerry Masters
> 23712 E 3RD AVE
> LIBERTY LAKE, WA 99019
> US

Ex. 1 at 3.

34. On November 25, 2025, PepsiCo sent a letter (the "Purported Deficiency Notice") via email and United Parcel Service to PETA listing certain purported procedural deficiencies contained in First Submission under Rule 14a-8. A true and correct copy of PepsiCo's Purported Deficiency Notice is attached hereto as **Exhibit 2**.

35. PepsiCo received and had available to it Masters' mailing address, which was included in the First Submission. But PepsiCo failed to directly notify Masters of the Purported Deficiency Notice, in violation of 17 C.F.R. § 240.14-8(f). Masters Decl. ¶ 13.

36. PepsiCo listed the following deficiencies in the Purported Deficiency Notice. First, PepsiCo stated that Masters' submission failed to include sufficient documentation demonstrating that PETA had the requisite authority to submit the proposal on behalf of the proponent. Second, PepsiCo stated that Masters' Submission did not include a statement from Masters supporting the proposal. Third, PepsiCo stated that Masters' submission failed to include a sufficient written statement regarding Masters' availability to meet with PepsiCo in person or via teleconference no less than 10 calendar days, nor more than 30 calendar days, after submission of the proposal to discuss the proposal. Fourth, PepsiCo stated that Masters' submission did not include Masters' contact information. *See* Ex. 2.

37. As alleged *supra* in paragraph 33, the First Submission in fact included Masters' contact information. Further, because PepsiCo suggested that it did not believe PETA had the

requisite authority to submit the proposal on behalf of Masters, PepsiCo was required by Rule 14a-8 to directly communicate the deficiencies to Masters. PepsiCo failed to do so.

38. On December 8, 2025, Masters, through her representative PETA, sent PepsiCo supplemental materials that included a new letter from Masters ("Second Submission"), which (i) reiterated PETA was authorized to act on her behalf, (ii) included a statement from Masters supporting the proposal, and (iii) again provided Masters' contact information. Masters' letter confirmed the availability of another PETA representative to meet with PepsiCo directly. A true and correct copy of Masters' December 8, 2025 submission is attached hereto as **Exhibit 3**.

39. On December 18, 2025, PepsiCo stated to PETA that Masters had failed to timely provide a written statement with specific business days and times that she was available to meet with PepsiCo and that, on that basis, it intended to exclude the proposal from its 2026 proxy materials. Sadashige Decl. ¶ 10.

40. On December 29, 2025, PETA, on behalf of Masters, sent a new letter from Plaintiff ("Third Submission") that included a revised statement of availability, which did provide, as requested by PepsiCo, a written statement with specific business days and times that Masters was available to meet with PepsiCo. A true and correct copy of the Third Submission is attached hereto as **Exhibit 4**.

### C. PepsiCo's Exclusion Notification and the SEC's Response

41. On January 5, 2026, PepsiCo sent a letter to the staff of the Division of Corporation Finance of the SEC (the "Exclusion Notification") notifying the staff that PepsiCo intended to omit Masters' proposal from its 2026 proxy materials and requested that the staff confirm that it will not object if PepsiCo omitted the proposal. A true and correct copy of PepsiCo's January 5, 2026 notification to the SEC is attached hereto as **Exhibit 5**. *See also* Sadashige Decl. ¶ 12.

42. PepsiCo claimed in the Exclusion Notification that it had a reasonable basis to exclude Masters' proposal under Rule 14a-8, prior published guidance, and/or judicial decisions, pursuant to Rule 14a-8(b) and Rule 14a-8(f)(1). PepsiCo argued that the proposal may be excluded from its 2026 proxy materials because of its professed understanding that Masters had failed to satisfy the requirement in Rule 14a-8(b)(1)(iii) to provide PepsiCo with an adequate written statement regarding her availability to meet with the company. Ex. 5 at 5-6.

43. The Exclusion Notification also stated that, regardless of the contents of the letter sent to it by Masters on December 29, 2025, "it was not transmitted to [PepsiCo] until 34 days after the Representative's receipt of the Deficiency Notice, and, as with the above-cited precedent, the statement of availability to meet with the Company was therefore untimely making the Proposal excludable." *Id.* at 7-8.

44. The Exclusion Notification averred that PepsiCo "timey notified the Representative of the deficiencies (but not the Proponent as the Representative had not provided the Proponent's contact information to the Company)" and also that it "properly notified the Representative of this deficiency (but not the Proponent as the Representative did not provide the Proponent's contract information. . . ." *Id.* at 4, 7. Notably, when PepsiCo provided to the SEC a copy of Masters' First Submission, PepsiCo omitted the Charles Schwab letter which identified Masters' home mailing address. *Id.* at 4, 13-15; Ex. 1.

45. On January 9, 2026, PETA submitted to the SEC, on behalf of Masters, a response to PepsiCo's Exclusion Notification. The response noted, among other things, that Rule 14a-8(f) authorizes a company to exclude a shareholder proposal *only after it has notified the shareholder in writing* of procedural or eligibility deficiencies within fourteen days of the company's receipt of the proposal. The response further noted that PepsiCo *had never* directly notified Masters of

any deficiencies in the proposal, despite having Masters' mailing address in the First Submission. As such, PETA informed PepsiCo that it had no reasonable basis to exclude Masters' proposal under Rule 14a-8. A true and correct copy of Plaintiff's January 9, 2026 submission to the SEC is attached hereto as **Exhibit 6**. *See also* Sadashige Decl. ¶ 16.

46. On January 13, 2026, the SEC issued a response to PepsiCo's Exclusion Notification, stating that, "[b]ased solely on [PepsiCo's] representation [that it has a reasonable basis to exclude the shareholder proposal], we will not object if the Company excludes the Proposal from its proxy materials." A true and correct copy of the SEC's January 13, 2026 response is attached hereto as **Exhibit 7**. *See also* Sadashige Decl. ¶ 17.

47. Masters intends to use the shareholder proposal process to ensure that PepsiCo is complying with its Global Animal Welfare Policy. Masters Decl. ¶ 14.

48. On information and belief, PepsiCo will issue its proxy statement on or around March 26, 2026, as the Exclusion Notification sent by PepsiCo to the SEC on January 5, 2026, represents that it had filed the Exclusion Notification with the SEC "no later than eighty (80) calendar days before the Company intends to file its definitive 2026 Proxy Materials with the Commission." Ex. 5 at 1; Sadashige Decl. ¶ 18.

49. On information and belief, once PepsiCo issues its definitive proxy statement and begins printing and distributing its proxy materials, it will be impracticable—and, as a practical matter, impossible—for Plaintiff to obtain meaningful relief absent an injunction because the proxy solicitation will already be underway. Masters Decl. ¶ 17.

50. If PepsiCo omits Masters' proposal from its definitive proxy materials, she will be deprived of her right under Section 14(a) and Rule 14a-8 to present that proposal for consideration and a vote at PepsiCo's 2026 annual meeting. *Id.*

51. The harm from excluding Masters' proposal cannot be fully remedied after the fact. After the 2026 annual meeting occurs, Masters' proposal cannot be timely presented to shareholders for a vote at that meeting, and any later vote would not restore her lost ability to seek action and shareholder input in the 2026 proxy cycle. *Id.*

52. If PepsiCo is permitted to exclude Plaintiff's proposal, she will suffer a non-compensable injury, including the loss of the opportunity to communicate with fellow shareholders through the proxy materials about the proposal and to obtain shareholder consideration and a vote during the 2026 annual meeting process. *Id.*

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF SECTION 14(A) OF THE SECURITIES EXCHANGE ACT AND RULE 14A-8 PROMULGATED THEREUNDER

53. Masters repeats and realleges each and every allegation above as if fully set forth herein.

54. Masters has a right of action against PepsiCo to enforce Section 14(a) of the Exchange Act and Rule 14a-8.

55. Masters' proposal, as supplemented by the Second Submission and Third Submission, satisfies the eligibility and procedural requirements established by Rule 14a-8, 17 C.F.R. §240.14a-8, to be included in PepsiCo's 2026 proxy materials in all respects. None of the exceptions to a shareholder's right to have its proposal included apply here.

56. Because PepsiCo received Masters' proposal on November 18, 2025, PepsiCo had until December 2, 2025, to notify Masters directly of any deficiencies in her proposal pursuant to Rule 14a-8 before lawfully being entitled to exclude the proposal under any such grounds.

57. To date, however, PepsiCo has *never* directly notified Masters of any deficiencies in Masters' proposal despite PepsiCo having Masters' mailing address as early as her First Submission on November 18, 2025.

58. Rule 14a-8(f) authorizes a company to exclude a shareholder proposal *only after* it has notified the shareholder in writing of procedural or eligibility deficiencies within fourteen days of the company's receipt of the proposal.

59. Because PepsiCo has not followed the strict mandates of Rule 14a-8, its stated decision to omit Masters' proposal from its proxy materials violates § 14(a) of the Exchange Act and Rule 14a-8.

60. The SEC's response to PepsiCo's Exclusion Notification is solely based on PepsiCo's representation that it has a "reasonable basis" to exclude Masters' proposal—it is not an evaluation of PepsiCo's representation or of the basis(es) on which PepsiCo intends to rely in excluding the proposal.

61. Absent immediate injunctive relief, PepsiCo will begin its proxy process without Masters' proposal. Once that process is underway, Masters' lost opportunity to have her proposal presented to PepsiCo shareholders cannot be fully restored through money damages or after-the-fact relief.

62. Plaintiff thus has no adequate remedy at law and faces imminent and irreparable loss of her rights as a result of PepsiCo's decision to exclude Masters' proposal from the 2026 proxy materials.

**PRAYER FOR RELIEF**

WHEREFORE, Masters requests that this Court enter a judgment providing the following relief:

A. A declaratory judgment stating that PepsiCo's stated intent to exclude Masters' proposal from its 2026 proxy materials violates Section 14(a) of the Securities and Exchange Act and Rule 14a-8, 17 C.F.R. §240.14a-8;

B. Injunctive relief to prevent PepsiCo from excluding Masters' proposal in its 2026 proxy materials;

C. An order awarding Masters her costs of litigation, including reasonable attorneys' fees; and

D. Any other relief as the Court deems just and proper.

Dated: February 19, 2026
New York, New York

By: /s/ *Devon Galloway*
Devon Galloway
Zuckerman Spaeder LLP
485 Madison Avenue, 19th Floor
New York, New York 10022
Tel: (212) 704-9600
Fax: (917) 261-5864
dgalloway@zuckerman.com

Diane Hertz
J. Ignacio Saldana
PETA FOUNDATION
501 Front Street
Norfolk, VA 23510
(757) 622-7382

*Counsel for Plaintiff Kerry Masters*